**PEABODY COAL COMPANY, Appellant,**

v.

**Billy Franklin FLENER; Robert L. Whittaker, Acting Director of Special Fund; Hon. W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 94–CA–0398–WC.

Court of Appeals of Kentucky.

Feb. 17, 1995.

Philip J. Reverman, Jr., William P. Swain, Boehl, Stopher & Graves, Louisville, for appellant.

E.F. Martin, Jr., Hartford, for appellee Billy Flener.

Mark C. Webster, Labor Cabinet, Louisville, for appellee Special Fund.

Before HOWERTON, JOHNSTONE, and WILHOIT, JJ.

*OPINION*

HOWERTON, Judge.

This is a second appeal by Peabody Coal Company. The case began on July 25, 1988, after the Administrative Law Judge (ALJ) rendered his original award. The opinion and award determined that Billy Franklin Flener had sustained a back injury in the

course of his employment on February 6, 1985. The ALJ found that Flener was now totally disabled, but that he had had three prior back injuries constituting a prior claim which had been settled as a 23.166 percent permanent partial disability. The ALJ further determined that two-thirds of the new disability was preexisting and active and therefore was noncompensable. Of the remaining one-third, the ALJ found that 16⅔ percent was attributable to the injury alone and was the responsibility of Peabody, and that 16⅔ percent was attributable to the arousal of the preexisting dormant nondisabling condition and was the responsibility of the Special Fund.

The Workers' Compensation Board reversed so much of the award as determined that two-thirds of Flener's condition was the result of a preexisting active disability. The Board's decision was affirmed by this Court and ultimately by the Supreme Court of Kentucky. The case was remanded to the ALJ for a new finding as to the extent of the preexisting active disability.

On remand, the ALJ rendered a new opinion and award on February 22, 1993, wherein he determined that the extent of the preexisting active noncompensable disability was merely the 23.166 percent which had been previously settled and compensated. The ALJ determined that the occupational disability attributable to the 1985 back injury and the arousal of the dormant nondisabling condition should be increased to 38.42 percent for the employer and the same amount for the Special Fund.

Peabody's petition for reconsideration was denied, and the appeal to the Board was affirmed. Peabody argues that the ALJ erred by increasing the 16⅔ percent payable by Peabody due to the work-related back injury. Although the court had ordered the ALJ to reconsider the amount of noncompensable preexisting disability, Peabody argues that there was never any appeal of the original finding of a 16⅔ percent occupational disability attributable to the work injury and 16⅔ percent being attributable to the arousal. Peabody claims that it should remain liable for only 16⅔ percent of Flener's disability and that the remaining 43.5 percent should be the liability of the Special Fund as "excess" disability.

The Board concluded that "there is simply no authority upon which Peabody can base this argument." We agree. While the Supreme Court did not find error in the percentage of 16% disability, since the issue was not presented, neither did it find error in the 50/50 apportionment. The Court clearly found that the original determination of two-thirds prior existing disability was unreasonable, and it remanded the case for reconsideration. Upon reconsideration, the ALJ made a finding that only the original, settled, disability of 23.166 percent was preexisting. The remaining percentage of the 100 percent total disability was compensable, and the ALJ retained the 50/50 apportionment. We agree with the Board that this was permissible and correct.

The evidence before the ALJ supported an apportionment of 50/50 between Peabody and the Special Fund. Apportionment was not an issue in the earlier appeal, nor has the issue of excess liability ever been presented. The Supreme Court did not direct the ALJ to assess all additional liability on the Special Fund. It merely ordered a new percentage of prior, noncompensable disability. The new amount of compensable disability was 76.834 percent which was divided equally between the employer and the Fund.

The opinion of the Workers' Compensation Board is affirmed.

All concur.